IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JASON J. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV385 |
| | ) | |
| V. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, NEBRASKA FAMILIES COLLABORATIVE, SARPY COUNTY ATTORNEY, CASA OF SARPY COUNTY, CAPSTONE BEHAVIORAL HEALTH, BENEFICIAL BEHAVIORAL HEALTH, ANGELA THELEN, PSW NDHHS and Individual, DAVID NEWELL, NFC and Individual, DONNA ROZELL, NFC and Individual, JEFFERY VANDENBERG, NFC and Individual, LISA MINARDI, NFC and Individual, JENNIFER RICHEY, NFC and Individual, MICHELLE ADAMS, NFC and Individual, SANDRA MARKLEY, Deputy Sarpy County Attorney and Individual, and RAY KOPP, CASA of Sarpy County and Individual, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

      This matter is before the court on initial review of Plaintiff's Complaint (Filing No. 1) under 28 U.S.C. § 1915(e). The court finds that Plaintiff's complaint fails to state a claim. However, out of an abundance of caution, the court will grant Plaintiff leave to file an amended complaint.

## I.  SUMMARY OF COMPLAINT

Plaintiff's Complaint (Filing No. 1) names multiple defendants, including the Nebraska Department of Health and Human Services, Nebraska Families Collaborative, Sarpy County Attorney's Office, CASA of Sarpy County, Capstone Behavioral Health, Beneficial Behavioral Health, and several purported state and county employees. Plaintiff maintains that the defendants failed to properly investigate claims relating to a petition which sought to have Plaintiff's children removed from his custody.  He also asserts that the defendants interfered with a state investigation and conspired to cover-up their misconduct.  In addition, Plaintiff vaguely references religious discrimination and harassment claims.  Plaintiff seeks monetary relief, the termination and prosecution of certain employees, a public apology, and that the State of Nebraska be ordered to terminate its contractual relationship with Defendant Nebraska Families Collaborative.

## II.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

**1. Claims Against the State of Nebraska and Official Capacity Claims**

Plaintiff has failed to state claims against the State of Nebraska. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.*; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not, however, bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks monetary damages against the Nebraska Department of Health and Human Services, as well as other purported state entities. These claims are barred by the Eleventh Amendment. Likewise, Plaintiff's claims seeking monetary relief against the state employee defendants in their official capacities are

3

precluded.[1]

## 2. Claims Against Sarpy County

Plaintiff has failed to state a claim against Sarpy County and the county employees acting in their official capacities. As a municipality, Sarpy County can only be liable under § 1983 if a municipal policy or custom caused his injury. *See Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978). Moreover, a claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official, in this case, Sarpy County. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992). Plaintiff has failed to allege that a county policy or custom caused a violation of his constitutional rights. Therefore, Plaintiff has not stated viable claims against Sarpy County or its employees in their official capacities.

## 3. Individual Capacity Claims

Plaintiff has also asserted individual capacity claims against purported state and county employees. However, Plaintiff's allegations fail to state viable causes of action. Plaintiff's claims are wholly conclusory and fail to set forth the factual detail necessary to state plausible claims. Plaintiff does not provide any details of the referenced legal proceedings, or present factual allegations to substantiate his claims of harassment and discrimination. Moreover, Plaintiff's allegations fail to clearly specify the precise wrongful acts performed by each defendant. Therefore, Plaintiff's

---

[1] This court does not have authority to direct an official to prosecute claims or order someone to apologize for behavior. *See Sullivan v. Ortley*, No. CV-11-131-M-DWM-JCL, 2011 WL 4857384, *3 (D. Mont. Oct. 13, 2011) (stating that the court did not have authority to grant plaintiff's request for an apology or order that individuals be prosecuted for alleged crimes). Moreover, the court does not have authority to order that employees be terminated or that Nebraska terminate contractual relationships.

4

individual capacity claims fail.

Out of an abundance of caution, the court will grant Plaintiff leave to file an amended complaint. In doing so, Plaintiff shall keep the deficiencies outlined above in mind. The amended complaint will supersede, rather than supplement, the Complaint filed in this case.

IT IS THEREFORE ORDERED:

1. Plaintiff shall file an amended complaint by December 15, 2016. Failure to file an amended complaint will result in the dismissal of this action without further notice to Plaintiff.

2. The clerk of court is directed to set a case management deadline in this case using the following text: December 15, 2016: check for amended complaint.

DATED this 15th day of November, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge